L. W. AND BARBARA LEITGEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leitgen v. Commissioner
Docket No. 3616-77
United States Tax Court
T.C. Memo 1981-525; 1981 Tax Ct. Memo LEXIS 223; 42 T.C.M. (CCH) 1130; T.C.M. (RIA) 81525; September 21, 1981. L. W. Leitgen, pro se. Robert M. Fowler, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies in petitioners' income taxes: Year
Deficiency
1973
$ 4,781.58
1974
567.65
1975
1,091.00
The sole issue remaining for decision is whether petitioners have established that thet have a net operating loss from 1972 that may be carried forward to 1973, 1974 and 1975. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. L. W. and Barbara Leitgen, husband and wife, resided in Guttenberg, Iowa, when they filed their petition. From 1964 to 1970 petitioners resided overseas. Petitioner L. W. Leitgen resided in Malaysia from April 1, 1970 to January 15, 1972. After the Malaysian *224 government nationalized his company in late 1971, petitioner L. W. Leitgen returned to the United States and set up a small trading company under the name Atlantic East Company. Atlantic East Company was incorporated in 1974. Petitioners timely filed their 1969 tax return showing a $ 692.48 tax liability. Petitioners lost their copy of the 1969 return in 1971 in a flood in Malaysia, and respondent has destroyed the original return. On May 22, 1972, petitioners filed joint income tax returns for 1970 and 1971 in which they reported adjusted gross incomes of $ 3,505.89 and $ 0, respectively. Petitioners filed joint income tax returns for the years 1972, 1973, 1974 and 1975. On April 14, 1977, they filed an amended income tax return, Form 1040X, for 1972, in which they claimed additional deductions as follows: office expenses of $ 6,485.11, excess employee expenses of $ 14,550.15. Their return also showed other itemized deductions of $ 786. Respondent audited petitioners' 1973, 1974 and 1975 returns, and issued a notice of deficiency making certain adjustments. These adjustments are no longer in dispute. OPINION Petitioners contend that they had losses in 1972 which *225 they are entitled to carry forward to 1973, 1974 and 1975. Petitioners filed an amended tax return for 1972 in which they claimed a net operating loss of $ 21,821.26. Petitioners based the loss on alleged travel expenses of $ 14,550.15, business office expenses of $ 6,485.11, and itemized deductions of $ 786. Petitioners also contend that respondent is estopped from contesting their claimed 1972 loss because he chose not to audit their 1972 return in the past and is now barred by the statute of limitations. Finally, petitioners contend that because they were overseas residents in 1969, 1970 and 1971, they are not required to carry back their net operating loss to those years before carrying it forward to the years in issue. Respondent asserts that although the statute of limitations for assessment has expired for 1972, petitioners are still required to prove both that they incurred a net operating loss for 1972 and that they are entitled to carry the loss forward to the years in issue. Section 6214(b) [1] authorizes this Court to examine the validity of deductions resulting in the alleged 1972 net operating loss in redetermining the proposed deficiencies for 1973, 1974 and *226 1975, even though the statute of limitations bars the assessment of any deficiency for 1972. Thus, respondent is not barred from disallowing the alleged net operating loss arising in 1972 in his statutory notice for 1973, 1974 and 1975 despite the expiration of the statute of limitations on assessment for 1972. ABKCO Industries, Inc. v. Commissioner, 56 T.C. 1083, 1089 (1971), affd. on another issue 482 F. 2d 150 (3d Cir. 1973); see Petersen v. Commissioner, T.C. Memo. 1971-21 (1971). Petitioners have the burden of proving that they incurred a net operating loss in 1972. Rule 142(a), Tax Court Rules of Practice and Procedure. At trial petitioners' only evidence in support of their claim was the vague and generalized testimony of petitioner L. W. Leitgen. Mr. Leitgen's testimony was largely confined to complaining that respondent never audited his 1972 return and that there should be some sort of statute of limitations barring respondent from contesting the carryovers. Mr. Leitgen also testified that he had some records *227 for 1972 still in his possession, but that respondent had either lost or destroyed part of his records when respondent had had possession of them. Although Mr. Leitgen admitted that prior to trial respondent's attorney had discussed with him the need for him to bring substantiation of his 1972 expenses with him to trial, Mr. Leitgen brought no records with him. Despite petitioners' knowledge that it was necessary for them to substantiate their alleged 1972 loss at trial, they failed to present any substantiation to support their claim. Petitioners have failed to establish that they incurred a net operating loss in 1972. Even if petitioners had established such a loss, the loss would have had to have been carried back to 1969, 1970 and 1971 before being carried forward to 1973, 1974 and 1975, the years in issue. The burden is on petitioners to prove their incomes for 1969, 1970 and 1971 in order to show that there was any part of the alleged 1972 loss that would not have been absorbed in the three preceding years and that could have been carried over to the years in issue. Tripp v. Commissioner, T.C. Memo. 1978-455 (1978); Lowe v. Commissioner, T.C. Memo. 1974-147 (1974). *228 Petitioners' contention that since they were overseas residents in 1969, 1970 and 1971 they were not required to carry back their loss before carrying it forward is devoid of legal support. Moreover, although taxpayers may now elect to forego the carryback period for a net operating loss, such provision is effective only with respect to a net operating loss for a taxable year ending after December 31, 1975. Sec. 172(b)(3)(C). Again, petitioners have failed to carry their burden of proof. Petitioners are not entitled to a net operating loss carryover from 1972 to the years in issue. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩